UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



08 CV 01000

---

NEW YORK STATE RESTAURANT
ASSOCIATION,

                    *Plaintiff*,

- against -

NEW YORK CITY BOARD OF HEALTH,
NEW YORK CITY DEPARTMENT OF
HEALTH AND MENTAL HYGIENE, and
THOMAS R. FRIEDEN, In His Official
Capacity as Commissioner of the New York City
Department of Health and Mental Hygiene,

                    *Defendants.*

No. 2008 Civ.

**COMPLAINT**

## Preliminary Statement

1.    The New York State Restaurant Association (NYSRA) seeks declaratory and injunctive relief to prevent the enforcement of a newly promulgated regulation by the Health Commissioner of the City of New York, New York City Health Code Section 81.50 ("Regulation 81.50"), which dictates how selected New York City restaurants must communicate nutrition information to the public. The regulation applies to all restaurants in New York City that have at least fifteen establishments doing business nationally. For these restaurants, the regulation requires that one part of the nutrition information (calorie count) be displayed in a precisely prescribed manner on menus and menu boards. But the Nutrition Labeling and Education Act of 1990, 21 U.S.C. §§ 301, 343, 343-1 (NLEA) and regulations promulgated thereunder by the Food and Drug Administration (FDA) expressly preempt laws like Regulation 81.50, in which a state or subdivision of a state "directly or indirectly" establishes any requirement respecting

health or nutrient claims that is "not identical to" the requirements of federal law. The regulation also infringes on the First Amendment speech rights of those restaurants that come within its purview, impermissibly compelling government-directed speech.

2. Through congressional legislation and FDA regulatory action, the federal government has made a determination that the effective communication by restaurants of nutrition information to consumers is a complex subject requiring flexibility; that there is no one "right way" to communicate this information; that restaurants should be permitted and encouraged to try different ways of doing so; and that they should not be burdened by specific requirements that would hinder experimentation.

3. Defendants' regime takes a directly contrary approach. For selected restaurants, Defendants wish to require that information about calories be communicated in a particular and inflexible manner to customers. A restaurant subject to the regulation regime must post the calorie content of each menu item at a particular spot in the restaurant and must do so in a size and typeface as prominent as the menu item's name or price, or be subject to a governmental sanction. Federal law imposes no such requirements. The regulation is thus "not identical to" the regulations promulgated under the NLEA, and in fact, contravenes the regulatory scheme. Thus, Regulation 81.50 is expressly preempted and unenforceable under the Supremacy Clause of the United States Constitution.

4. Defendants' inflexible regime also impermissibly burdens NYSRA members' First Amendment rights. The regulation requires restaurants to publish the City's health message; it forces the restaurants to do so as if the message was their own; and it forces them to communicate in a way that is incomplete and misleading.

5. To protect NYSRA members' First Amendment rights, and to prevent the Commissioner from imposing a regime preempted by the NLEA and regulations promulgated thereunder, Plaintiff NYSRA seeks a declaration that the regulation is invalid, and an injunction barring Defendants from enforcing the regulation.

## JURISDICTION

6. Because this action arises under the Constitution and laws of the United States, this Court has jurisdiction under 28 U.S.C. § 1331.

7. This Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 to redress deprivations under color of any state law, statute, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States.

8. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b)(1) and (b)(3) because defendants reside within the State of New York and at least one of them resides within this judicial district. Venue is also proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

9. Plaintiff, the New York State Restaurant Association, is a not-for-profit business association for the New York State restaurant and food service industry. The Association has over 7,000 members, and nearly 1,000 of its members are located in New York City. Certain NYSRA members maintain at least fifteen establishments nationally, and therefore will be subject to Regulation 81.50 if it is not enjoined.

10. Defendant New York City Board of Health ("Board of Health") is responsible for promulgating the New York City Health Code. *See* New York City Charter § 558. Pursuant to its powers, the Board of Health adopted Regulation 81.50, and will have responsibility for its

enforcement. *See id.*; Notice of Adoption of a Resolution to Repeal and Reenact §81.50 of the New York City Health Code, January 22, 2008 ("Notice of Adoption").

11. Defendant Department of Health and Mental Hygiene of the City of New York ("Department of Health") regulates all matters and enforces all laws related to the care, promotion and protection of public health in the City of New York. *See* New York City Charter § 556. The Department of Health will be responsible for enforcement of Regulation 81.50 if it is allowed to take effect.

12. Defendant Thomas R. Frieden is sued in his official capacity as the Commissioner of the Department of Health. As Commissioner of the Department, Defendant Frieden is responsible for the enforcement of the New York City Health Code, as well as all provisions of law governing public health issues in New York City. *See* New York City Charter §§ 551, 555, 556. In particular, Defendant Frieden has the authority and the duty to ensure that Regulation 81.50 is enforced.

## BACKGROUND

13. Under the NLEA, restaurants are generally exempted from the mandatory labeling requirements that apply to packaged foods. However, restaurants making health and nutrient content claims are required under the NLEA to comply with FDA regulations governing the provision of such information. 21 U.S.C. § 343(r)(2)(A).

14. Based on studies conducted by the FDA and others, the FDA concluded that it was premature to draw firm conclusions about the effectiveness, if any, of any particular method of communicating nutrient information in restaurants, and that restaurants should be given leeway and encouragement to experiment with providing health and nutrient content claims in different formats. Thus, FDA regulations expressly grant restaurants broad discretion in

choosing a format for the presentation of whatever nutrition information they provide. 21 C.F.R. § 101.10. Specifically, Section 101.10 of the FDA's regulations allows restaurants to present nutrition information "in various forms, including those provided in § 101.45 [allowing a wide range of formats, including signs, charts, brochures, posters, leaflets, videos and other media] *and other reasonable means*." (Emphasis supplied.)

15. This flexibility is essential to the FDA's regulatory scheme, which seeks to secure the availability of accurate and complete information about the nutritional content of restaurant food without making the requirements for disclosure unnecessarily onerous.

16. In accordance with the discretion granted under the NLEA and accompanying regulations, some NYSRA members have elected to provide nutritional information to their customers using a variety of formats, including in-store brochures, websites, in-store posters, toll free numbers, tray liners, and food packaging.

17. Such restaurants have sought to give customers access to complete nutrient information in a user-friendly format that emphasizes the importance of a well-balanced diet and a healthy lifestyle. Consistent with the prevailing view among public health experts that obesity is the result of several factors acting together over time, and that proper consumer education is essential, these restaurants have avoided overemphasizing the importance of any one nutrient—such as calories—to an overall, well-balanced diet, and have focused instead on providing consumers with a balanced presentation of all relevant nutrition information, including fat, sodium, calories, carbohydrates, cholesterol, protein, vitamins and minerals.

18. On January 22, 2008, the Department of Health announced the promulgation of Regulation 81.50, which provides that all restaurants that maintain at least fifteen establishments nationally must post on "all menu boards and menus . . . the total number of calories derived

from any source from each menu item they list" by March 31, 2008. Title 24, Rules of the City of New York Health Code ("R.C.N.Y.") §§ 81.50(c), (d).

19. The regulation dictates the manner, size and typeface that the restaurant must use to present the caloric count of an item. For menu items, the regulation provides that caloric information "shall be listed clearly and conspicuously, adjacent or in close proximity such as to be clearly associated with the menu item, using a font and format that is at least as prominent, in size and appearance, as that used to post either the name or price of the menu item." 24 R.C.N.Y. § 81.50(c). When a food item is displayed for sale with a "food item tag," "such food item tag shall include the calorie content value for that food item in a font size and format at least as prominent as the font size of the name of the menu item." *Id.* § 81.50(c)(2).

20. Regulation 81.50 thus isolates caloric content from the body of nutrition information required to make informed dietary choices, including the fat, saturated fat, cholesterol, sodium, carbohydrate, fiber, protein, vitamin and mineral content of a given menu item. It severely limits restaurants' freedom in communicating nutrition information to their customers. By forcing restaurants to make nutrient content claims only on caloric information, the regulation compels restaurants to convey a nutrition message that the restaurants believe is incomplete, misleading, and with which they do not agree: namely, that calorie information is the only relevant nutrition criterion to consider when making food selections.

21. Limiting the nutrient information on menu boards to calories, as a guideline to the healthfulness of a particular food, is misleading. Some higher calorie foods have more nutritional value than some lower calorie foods.

22.     By imposing a rigid regime governing how restaurants must communicate nutritional information to customers, Regulation 81.50 contravenes the approach taken by Congress, the FDA, and prevailing public health opinion.

23.     Regulation 81.50 also imposes significant economic injury on the restaurants it governs. NYSRA members will incur added costs in complying with the regulation. Addition of calorie count information will increase the amount of text on the menus and menu boards. In order to fit the new information, the font size of the item name and price in all likelihood would have to be reduced, making menus and menu boards more cluttered and harder to read.

## FIRST CAUSE OF ACTION

(Federal Preemption)

24.     Plaintiff realleges each and every allegation contained above.

25.     The Supremacy Clause (Article VI) of the United States Constitution states that the "Laws of the United States which shall be made in Pursuance [of the Constitution] . . . shall be the supreme Law of the Land . . . ." When there is a conflict between a state law and federal law, the federal law preempts the state law.

26.     The NLEA provides that any food labeling requirement imposed by a state or political subdivision of a state that is not "identical to" the requirement contained in the statute is preempted. 21 U.S.C. § 343-1(a)(5). Specifically, the NLEA states: "no State or political subdivision of a State may directly or indirectly establish under any authority or continue in effect as to any food in interstate commerce any requirement respecting any claim of the type described in section 343(r)(1) of this title [*i.e.,* nutrition claims] made in the label or labeling of food that is not identical to the requirement of section 343(r) of this title, except a requirement respecting a claim made in the label or labeling of food which is exempt under [a section of the

7

statute dealing with claims concerning cholesterol, saturated fat, dietary fiber, and nutrients that increase the risk of disease, not relevant here]." *Id.*

27. The labeling requirements contained in Regulation 81.50 are not "identical to" the requirements in the NLEA. Regulation 81.50 isolates caloric count from all other nutrient content claims, requires that it be posted in a particular spot at the restaurant (the menu or menu board), and dictates that it be presented in size and appearance (including font and format) at least as prominently as the menu item's name or price. The NLEA does not contain any of these requirements. Therefore, Regulation 81.50 is not "identical to" the requirements in the NLEA and is preempted.

28. As a nutrient labeling requirement inconsistent with both the language and purpose of the NLEA and its regulations, Regulation 81.50 is preempted under the Supremacy Clause of the United States Constitution.

## SECOND CAUSE OF ACTION

(First Amendment)

29. Plaintiff realleges each and every allegation contained above.

30. The First Amendment of the United States Constitution provides: "Congress shall make no law . . . abridging the freedom of speech . . . ." In protecting the autonomy of every speaker to choose the content of his message, the First Amendment—applied to the states by incorporation into the Fourteenth Amendment—guarantees the right to speak, the right not to speak, and the right to choose the content on one's message. The commercial nature of speech does not deprive it of these guarantees.

31. By requiring restaurants to place caloric data on their menus and menu boards, Regulation 81.50 compels restaurants to convey the City's health message; to express the

message as if it were the restaurants' own; and to deliver a message with which many restaurants disagree: namely, that calorie information is the only relevant nutrition criterion to consider when making food selections.

32. The Department of Health is unable to demonstrate that Regulation 81.50 will advance its asserted interest in reducing the incidence of obesity in New York City. Absent this demonstration, the Department of Health's substantial infringement of member restaurants' constitutional rights is impermissible.

33. In addition, the Regulation is not narrowly enough drawn.

34. Accordingly, Regulation 81.50 violates member restaurants' rights to freedom of speech guaranteed by the First Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment.

35. Plaintiff has no remedy at law for such deprivation of its rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff NYSRA demands judgment against Defendants on each and every cause of action:

1. Declaring that Regulation 81.50, being inconsistent with federal labeling laws, is preempted under the Supremacy Clause of the United States Constitution and, therefore, of no force;

2. Declaring that Regulation 81.50 denies plaintiff's member restaurants the right to freedom of speech and thereby violates the First Amendment to the United States Constitution, as incorporated by the Fourteenth Amendment;

3. Preliminarily and permanently enjoining Defendants from enforcing Regulation 81.50;

4. Awarding Plaintiff damages to be proved at trial pursuant to 42 U.S.C. § 1983, and its costs and expenses, including reasonable attorneys' fees as permitted by 42 U.S.C. § 1988, necessarily incurred in connection with this action; and

5. Granting such other and further relief as this Court may deem just and proper.

Dated: New York, New York
January 30, 2008

Respectfully submitted,

**Arnold & Porter LLP**

By: _____
Peter L. Zimroth
Kent A. Yalowitz
Nancy G. Milburn
399 Park Avenue
New York, New York 10022
(212) 715-1000

*Attorneys for Plaintiff,*
*New York State Restaurant Association*