UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| NEW YORK STATE RESTAURANT ASSOCIATION,<br><br>Plaintiff,<br><br>against<br><br>NEW YORK CITY BOARD OF HEALTH, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, and Thomas R. Frieden, In His Official Capacity as Commissioner of the New York City Department of Health and Mental Hygiene,<br><br>Defendants. | No. 2008 Civ._____<br><br>DECLARATION OF STEPHEN HORN |

---

STEPHEN HORN hereby declares under penalty of perjury as follows:

1. I am the Chief Legal Officer and General Counsel of Dunkin' Brands, Inc. ("Dunkin' Brands"), which is the indirect parent and servicer of the Dunkin' Donuts and Baskin-Robbins franchise systems. Dunkin' Brands is a member of the New York State Restaurant Association.

2. The earlier version of New York City Department of Health Regulation 81.50 provided that the Board of Health would consider alternatives to posting caloric count information on menu boards, and any acceptable alternative had to be expressly approved by the Department of Health. On February 27, 2007, I attended a meeting with Department of Health officials and representatives of the National Restaurant Association to discuss possible alternatives that would be acceptable. Two alternatives for calorie display that were discussed were counter mats and signs on stanchions that would be placed adjacent to the point of purchase where they would be readily visible to customers standing in line to place their orders.

3.  The Board of Health representatives stated that while they did not feel they could approve proposals based on counter mats, they felt positively about signs on stanchions as an alternative. Based on the Department's reaction, Dunkin' Brands was encouraged to believe that it could create an acceptable alternative.

4.  However, Department of Health representatives subsequently informed me that the Department had changed its view and that signs on stanchions would not be acceptable because they were not "prominent" enough within the meaning of Regulation 81.50(b)(1). The current regulation does not permit signs on stanchions in stores.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on January 28, 2008

                                                                                    STEPHEN HORN