UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NEW YORK STATE RESTAURANT
ASSOCIATION,

           Plaintiff,

- against -                                                                 No. 2008 Civ. _____

NEW YORK CITY BOARD OF HEALTH,
NEW YORK CITY DEPARTMENT OF HEALTH
AND MENTAL HYGIENE, and Thomas R. Frieden,       DECLARATION OF
In His Official Capacity as Commissioner                         Domino's Pizza LLC
of the New York City Department of Health
and Mental Hygiene,

           Defendants.

---

I, Eric J. Olsen hereby declares under penalty of perjury as follows:

    1.     I am the Print Marketing Specialist for Domino's Pizza LLC. I am responsible for various print programs that offer local store print solutions to our corporate and franchise locations. I have held positions similar to this since April 1998 Prior to that I was with two different adverting agencies responsible for developing print related programs.

    2.     Domino's Pizza, founded in 1960, is the recognized world leader in pizza delivery and operates a network of company-owned and franchise-owned stores in the United States and internationally. Domino's Pizza is dedicated to the best of service, quality products and delivery excellence. Domino's Pizza stores offer up to four styles of pizza crusts-- thin crust, deep dish, Brooklyn-Style and classic hand-tossed-- with a wide variety of toppings. In addition, Domino's offers numerous side dishes and beverages. All of Domino's pizzas are made to order. Given Domino's wide choice of styles of pizza and toppings, there are over 220,000 different possible combinations or ways to create a Domino's pizza.

1

3.      Domino's also objects to Regulation 81.50 because the definition of "menus" in the Regulation goes way beyond menu boards and traditional hand held menus and can be interpreted to require restaurants to post calories on a wide range of in-store and out of store advertising. Under the Regulation, "menus" is so broadly defined that it includes any writing that contains a picture or description of a food item and a price. That would include newspaper inserts, direct mail flyers, online ordering, box-top coupons, doorhangers, translights, window clings, counter tent tops and other promotional materials. The earlier Regulation required restaurants to post calories on menuboards and traditional hand held menus only. The current version of Regulation 81.50 is even more objectionable and intrusive to Domino's because it requires Domino's to post calorie ranges (which, as stated above, Domino's Pizza believes are confusing and of no use to customers), in dozens of places in its stores and on its direct mail items.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on: January 29, 2008

*[signature]*