UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

| | |
|---|---|
| NEW YORK STATE RESTAURANT ASSOCIATION,<br><br>                                       Plaintiff,<br>-against-<br><br>NEW YORK CITY BOARD OF HEALTH, NEW YORK CITY DEPARTMENT OF HEALTH AND MENTAL HYGIENE, and THOMAS R. FRIEDEN, In His Official Capacity as Commissioner of the New York City Department of Health and Mental Hygiene,<br><br>                                       Defendants. | **DECLARATION OF MARK MUSCHENHEIM IN RESPONSE TO THE APRIL 2, 2008 DECLARATION OF KENT YALOWITZ**<br><br>08 Civ. 1000 (RJH) |

------------------------------------------------------------

      **MARK W. MUSCHENHEIM,** declares under penalty of perjury that the following is true and correct:

      1. I am an Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants herein. This declaration is submitted in response to the Declaration of Kent A. Yalowitz, dated April 2, 2008.

      2. Plaintiff's purpose in making this post-argument submission is not clear since the essential information being conveyed has already been submitted to the Court. Plaintiff seems to imply that the defendants misled this Court about a study authored by Department of Health and Mental Hygiene ("DOHMH") Deputy Commissioner Mary Bassett that was submitted in opposition to plaintiff's motion for declaratory and preliminary injunctive relief. Specifically, plaintiff advises this Court that the study was not accepted for publication by a journal of the Centers for Disease Control ("CDC"), and quotes CDC's concerns. The concerns raised by the CDC editor as the basis for the decision, however, are already before this Court. Indeed, it was the defendants in their earlier submissions who presented these concerns to the

Court. The study itself specifically provides that "[t]he findings of this report regarding the association of caloric content of purchases with observation of calorie information are subject to at least three limitations." Declaration of Mary Bassett dated February 8, 2007, Ex. A, at 7. The study then proceeds to discuss these concerns. Thus, plaintiff has not provided any new information regarding the conclusions drawn in the study. The fact that a CDC editor agreed with the factors identified by DOHMH simply validates the fact that DOHMH was candid about the conclusions in the study.[1]

3. There is also no basis for plaintiff's suggestion that it was improper for DOHMH to ask qualified experts in the field whether they would conduct a peer review of the study since plaintiff does not question the qualifications of these experts.[2] In fact, I have been informed that scientific journals routinely ask submitting authors to suggest the names of peer reviewers.

4. The post-argument submission by plaintiff is nothing more than an inappropriate attempt to bolster its previous arguments challenging the conclusions in the study. Moreover, plaintiff improperly implies that the basis for enacting Health Code 81.50 was solely this one study, which it was not. Rather, as set forth in the previously submitted papers, there is a wealth of other studies and expert opinion that argues conclusively that if calorie information is posted in restaurants, there is a reasonable expectation that some consumers will use this

---

[1] As indicated in the CDC e-mail, many factors are considered in determining whether a particular study is accepted for publication. Yalowitz Decl. Ex. B, at 1. Indeed, I have been informed that due to space limitations, interest to specific readers, and other issues unrelated to study validity, it is very common for scientific journals to choose not to publish studies submitted to them, and likewise very common for them to make this choice without first sending studies out to external peer reviewers.

[2] The study has recently been accepted for publication by the American Journal of Public Health.

information to make healthier choices. *See, e.g.,* Declaration of DOHMH Commissioner Frieden dated February 8, 2007, at ¶¶ 17-18, 20-21, 23-28, 29-32, 34, 47.

        5. Thus, the fact that a CDC journal and one other publication decided not to publish the study is of no moment. The issue before this Court with respect to plaintiff's First Amendment claim is not whether there is uncontroverted scientific proof that Health Code 81.50 will reduce obesity in New York City. Rather, the inquiry is whether Health Code 81.50 is rationally related to the DOHMH's legitimate and substantial interest in reducing inaccurate perceptions of consumers and curbing obesity and the health consequences associated with it. For the reasons set forth in the defendants' papers previously submitted, plaintiff has failed to demonstrate a likelihood of success on this issue.

Dated: New York, New York
      April 3, 2008

                                      Mark W. Muschenheim (MM 0498)
                                      Assistant Corporation Counsel